UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                   )<br>)<br>LINDSAY GROVES                          ) | Docket No.: 23-MJ-01215-DJC |

**DEFENDANT'S MOTION FOR
PRETRIAL RELEASE ON CONDITIONS**

Lindsay Groves, by and through counsel, respectfully requests for this Court's order permitting release from custody pursuant to conditions pending trial in this matter.

## Introduction

Ms. Groves is charged with Sexual Exploitation of a Minor and Distribution of Child Pornography. A pre-trial services interview has been conducted and the defense proposes that Ms. Groves be released to the care and custody of her parents, who reside in New Hampshire, with a requirement that she comply with stringent conditions. Ms. Groves is fortunate that she has a strong family support system who stand by her despite the allegations in this case. Through counsel, they have been advised of the graphic nature of the charges and they continue to support her. Ms. Grove's mother, specifically, has been in constant contact with counsel as the case has proceeded and her parents continue in their desire for her to return to live in their family home.

## Legal Argument

The court must consider whether there are conditions of release that "reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C 3142(g). To assess a person's propensity for flight or harm, judges can consider: the nature of the offense charged, weight of the evidence against the person, the history and characteristics of the person, and the seriousness of danger to the community. *See* 18 U.S.C. 3142(g). For offenses involving a minor victim, a rebuttable presumption of detention exists. 18

U.S.C. 3142(e)(3)(E). The government has the burden of proving, by clear and convincing evidence, that no combination of conditions will reasonably ensure community safety.

As an initial matter, the Bail Reform Act requires that a court should "bear in mind that it is only a 'limited group of offenders' who should be denied bail pending trial." *United States v. Shakur*, 817 F.2d 189, 195 (2d Cir. 1987) (quoting S. Rep. No. 98-225 at 7, as reprinted in 1984 U.S.C.CA.N. 3182, 3189); *see United States v. Salerno*, 481 U.S. 739, 755 (1987) (suggesting that "detention prior to trial or without trial is the carefully limited exception" to liberty before trial). One charged with a crime is, after all, presumed innocent. *Stack v. Boyle*, 342 U.S. 1, 4 (1951). A single individual unnecessarily detained before trial is one individual too many, and the increasing use of the practice places tremendous wear on our constitutional system. *United States v. Montalvo-Murillo*, 495 U.S. 711, 723–24 (1990) (Stevens, J., dissenting, joined by Brennan and Marshall, JJ.). Due to the crucial interests involved, it follows that a "case-by-case" approach is required at any stage of the case in assessing the propriety of pretrial detention. *See United States v. Gonzales-Claudio*, 806 F.2d 334, 340 (2d Cir. 1986) (discussing due process analysis for evaluating propriety of prolonged pretrial detention, and the interests at stake) (citations omitted), cert. dismissed sub nom., *Melendez-Carrion v. United States*, 479 U.S. 978 (1986).

### A. Ms. Groves is Not a Danger to the Community

To ascertain a defendant's danger to the community, a judge relies on some of the factors listed in 18 U.S.C. 3142(g). In addition to considering the nature and circumstances of the offense, judges also consider the person's character, physical and mental condition, past conduct, and criminal history. *See* 18 U.S.C. 3142(g).

In *Cross,* the District Court of Massachusetts held that the government failed to meet its burden that no set of conditions would reasonably assure community safety. *United States v. Cross,* 389 F. Supp. 3d 140, 142 (D. Mass. 2019). Mr. Cross was charged with a three-count

indictment charging him with distribution, receipt, and possession of child pornography in violation of 18 USC 2252A(2)(A) and (a)(5)(B). *Id.* at 141. Even though the government provided evidence that Mr. Cross attempted to meet a minor using his technological expertise, the court nonetheless found that the other conditions suggested he could be released under strict conditions. *Id.* at 142. The court felt reassured because Mr. Cross's family knew of the charges against him and agreed to serve as his third-party custodians. *Id.* Additionally, the court believed the publicity of the charges against Mr. Cross decreased the likelihood that he would be able to reoffend. *Id.* The court concluded that Mr. Cross's "lack of criminal history, community ties, steady employment, family support and Probation's supportive recommendation, sufficiently rebuts the presumption of detention." *Id.* at 142.

Though the alleged conduct is undoubtedly serious, the allegation's publicity and the conditions we propose mitigate any potential danger. Ms. Groves' alleged conduct is directly analogous to Mr. Cross's because both involve allegations of child pornography. *See id.* at 141. Indeed, the allegations against Ms. Groves commanded significant publicity. Extending the *Cross* logic, this makes her likelihood of reoffending low. Like the defendant in *Cross,* Ms. Groves does not have a criminal record and in fact her situation is even more favorable than the defendant in *Cross* because she no longer has access to the location where the alleged conduct occurred. The photographs at issue concern Creative Minds, her former employer. The court in *Cross* was concerned with Mr. Cross's ability to contact minors using his technological expertise, since that was the medium he used. Since Ms. Groves was fired, unlike Mr. Cross, she no longer has access to the place where the alleged conduct took place. The allegations here also do not involve any sophisticated technology. This makes it even less likely that Ms. Groves will reoffend or cause harm to the community.

### B. Ms. Groves is Not a Risk of Flight

The government must show by a preponderance of the evidence that no combination of conditions can reasonably assure a defendant's appearance at future court proceedings. *United States v. Digiacomo,* 746 F. Supp. 1176 (D. Mass. 1990). To ascertain whether a defendant is a flight risk, the court uses the same factors listed in 18 U.S.C 3142(g). Specifically, courts use the following factors as indicia of a defendant's risk of flight: strong family presence, *United States v. Say,* 233 F. Supp. 2d 221 (D. Mass. 2002) (holding that family ties and turning over a passport were sufficient to preclude flight) *see also United States v. Vargas,* 804 F.2d 157 (1st Cir. 1986) (finding that no family ties and citizenship elsewhere made Mr. Vargas a flight risk); ties to the community, *United States v. Riley,* 322 F. Supp. 3d 242 (D. Mass. 2018) (finding that the defendant had strong ties to the state); citizenship, *United States v. Perez-Franco,* 839 F.2d 867 (1st Cir. 1988) (finding that despite ties to community and no criminal record, his lack of citizenship suggested conditions would be insufficient to assure his appearance); seriousness of the allegations against the defendant, *Riley*, 322 F. Supp. 3d at 244 (holding that defendant who was facing a substantial mandatory minimum sentence did not rebut the presumption of detention); and criminal history, *United States v. Powell,* 813 F. Supp. 903 (D. Mass. 1992) (finding that a defendant's lengthy criminal history which spanned many states and seriousness of the offense made him a flight risk).

Ms. Groves was born and raised in New Hampshire; she went to high school in Hudson and community college in Nashua. Lindsay has lived with her parents almost her entire life. In fact, in her one attempt to move out of the house and live with her partner in New Hampshire, she moved back in a week. In other words, she is not mentally or physically capable of fleeing. Because Ms. Groves' ties are solely in New Hampshire and she has not demonstrated an ability to live outside of New Hampshire, she is unlikely to go anywhere else.

## C. There are Conditions that the Court Can Impose on Ms. Groves Which are Sufficient to Ensure her Appearance and Community Safety

To rebut the presumption of detention in cases involving a minor, a defendant must produce "some evidence" that a condition or combination of conditions can reasonably assure the appearance of a person and safety of the community. *United States v. Dillon,* 938 F.2d 1412, 1416 (1st Cir. 1991). If the defendant produces such evidence, then the burden of persuasion shifts to the government to prove that there is no condition or combination of conditions that will reasonably assure the appearance of the defendant and protect the safety of the community. *United States v. Oliveira,* 238 F. Supp.3d 165, 167 (D. Mass. 2017).

The alleged conduct is tied to Ms. Groves' former relationship with Stacie Laughton and employment at Creative Minds. Thus, conditions that completely remove access to both serve as "some evidence" that a combination of conditions exist that can reasonably assure the appearance of a person and safety of the community as *Dillon* mandates.

We submit the following release plan for the court's consideration:

- Appoint Ms. Groves' parents as her third-party custodians and have her remain under their supervision,
- Bar all forms of communication between Lindsay Groves and Stacie Laughton,
- Stay away from Creative Minds in Tyngsborough, MA,
- Restrict access to electronic devices,
- Restrict access to any children,
- Do not possess pornographic materials of any kind

The court can also impose conditions that further restrict her movement that it has imposed in other cases such as:

- Restricting her travel to the District of Massachusetts and New Hampshire (aside from Creative Minds),

- Forbidding her from obtaining any travel documents,

- Imposing electronic monitoring

## CONCLUSION

For these reasons, we ask that the Court release Ms. Groves on the conditions outlined above.

Respectfully Submitted
LINDSAY GROVES
By her attorney,

/s/Jessica P. Thrall
Jessica P. Thrall,
BBO #670412
Federal Public Defender Office
51 Sleeper Street, 5th Floor
Boston, MA  02210
(617) 223-8061

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on July 13, 2023.

/s/Jessica P. Thrall
Jessica P. Thrall