UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LINDSAY GROVES and<br>STACIE MARIE LAUGHTON,<br><br>Defendants. | No. 23-cr-10202-FDS |

**MEMORANDUM AND ORDER ON GOVERNMENT'S MOTION FOR DETENTION AND DEFENDANT'S MOTION FOR PRETRIAL RELEASE**

CABELL, U.S.M.J.

In late June 2023, a criminal complaint issued charging the defendant Lindsay Groves ("the defendant") with sexual exploitation of children in violation of 18 U.S.C. § 2251(a) ("section 2251(a)") and distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2) ("section 2252A(a)(2)"). On June 22, 2023, the court issued an arrest warrant and conducted an initial appearance six days later, on June 28, 2023. The defendant, who was in state custody on related charges at the time, appeared and waived her right to have a probable cause hearing within ten days. The government, in turn, moved for pretrial detention on the basis that the defendant posed a danger to the community under 18 U.S.C. § 3142(f)(1)(A) and a risk of flight

under 18 U.S.C. § 3142(f)(2)(A). At the close of the June 28 proceeding, the court returned the defendant to state custody pursuant to the protocol set out in *United States v. King*, 818 F.2d 112, 115 n.3 (1st Cir. 1987).

On July 13, 2023, and with the defendant still incarcerated on state charges, the court held a detention hearing and took the matter of detention under advisement. Also on July 13, the defendant filed a motion for pretrial release. (D. 16). Two weeks later, an indictment issued charging the defendant and the defendant Stacie Marie Laughton ("Laughton") with three counts of sexual exploitation of children under section 2251(a), each count pertaining to a different minor victim. A fourth count charged the defendant with distribution of child pornography under section 2252A(a)(2).

On August 4, 2023, the defendant came into federal custody. As the issue of detention is now ripe for review, and for the reasons that follow, the court will allow the defendant's motion for pretrial release. Briefly stated, the defendant's release would pose a risk of danger to another or to the community but that risk can be sufficiently mitigated through a combination of conditions that can reasonably assure the safety of community.

I. **BACKGROUND**

The charges against the defendant stem from her employment at Creative Minds, a daycare facility in Tyngsboro, Massachusetts,

and her allegedly capturing images of prepubescent minors in a private bathroom at the facility on her iPhone and sending them to Laughton's iPhone for Laughton's sexual gratification.  (D. 1-1, ¶¶ 10-14) (D. 1-2, ¶¶ 16-20).  During a Mirandized and recorded interview with one or more officers of the Nashua Police Department, the defendant acknowledged taking multiple images of prepubescent children in the private bathroom between June 2022 and June 2023.  (D. 1-1, ¶¶ 10, 12) (D. 1-2, ¶¶ 16, 18).  During the interview, she told the NPD investigators she directed the children to pull their top clothing towards their heads where their vision would be obscured as she captured images of their genitalia with her iPhone.  (D. 1-1, ¶ 13) (D. 1-2, ¶ 19).  She also stated she sent the images of the children captured on her iPhone to Laughton's iPhone for Laughton's sexual gratification.  (D. 1-1, ¶¶ 10, 13) (D. 1-2, ¶¶ 16, 19).

Forensic review of the defendant's iPhone revealed more than 2,500 texts exchanged between the defendant and Laughton during the June 13 to 16, 2023 time-period charged in the criminal complaint and the indictment.  (D. 1-1, ¶¶ 16-17).  Relatedly, the text messages included discussions about explicit photographs the defendant had taken of children at Creative Minds and the transfer of them to Laughton.  (D. 1-1, ¶ 18).  An affidavit by a Special Agent with the United States Department of Homeland Security describes several text messages in which the defendant distributed

3

digital images to Laughton of a minor's genitals and another minor's vaginal area. (D. 1-1, ¶¶ 16-18).

## II. DISCUSSION

By virtue of the criminal complaint and the grand jury indictment, probable cause exists that the defendant committed an offense involving a minor under section 2251 or 2252A(2). *See* 18 U.S.C. § 3142(e)(3)(E) ("section 3142(e)(3)(E)"). With respect to "offenses involving a minor victim" enumerated in section 3142(e)(3)(E), which include sections 2251 and 2252A(2), "a rebuttable presumption of detention exists." *United States v. Cross*, 389 F. Supp. 3d 140, 142 (D. Mass. 2019). "To rebut that presumption, defendant must produce 'some evidence' that a condition or combination of conditions can reasonably assure the appearance of a person and safety of [the] community." *Id.* (quoting *United States v. Dillon*, 938 F.2d 1412, 1416 (1st Cir. 1991)). In that vein, the presumption "creates a burden of *production* on the defendant; it does not shift the burden of persuasion which remains throughout the hearing on the government." *United States v. Herrera*, Criminal No. 1:21-mj-02498-MBB, 2021 WL 2419609, at *3 (D. Mass. June 14, 2021) (quoting *United States v. Shea*, 749 F. Supp. 1162, 1165 (D. Mass. 1990)) (internal brackets omitted). Further, "[w]hen a defendant produces such evidence, . . . the presumption does not disappear." *Dillon*, 938 F.2d at 1416. Rather, "[t]he burden of persuasion

remains on the government and the rebutted presumption retains evidentiary weight."  *Id.* (citations omitted); *accord Herrera*, 2021 WL 2419609, at *4 ("presumption remains in the case for the court to consider alongside the government's ultimate burden of persuasion") (citing *United States v. Jessup*, 757 F.2d 378, 383 (1st Cir. 1985)).

As indicated in the background, the weight of the evidence against the defendant is strong, *see* 18 U.S.C. § 3142(g)(2), and "the nature and circumstances of the offense charged" involve minor victims, *see* 18 U.S.C. § 3142(g)(1).  These factors underscore the risk of danger to the community if the defendant is released.  Critically, however, the court finds that conditions of release can be fashioned to address this risk and reasonably assure the safety of the community.  Two primary aspects of the defendant's proposed release to live with her parents, who would serve as third-party custodians, impel the court to make this finding:  (1) no children under the age of 18 visit the residence, per the reports by the defendant and the defendant's mother to the Probation Officer; and (2) by virtue of the conditions the court will impose, the defendant will not have access to her seized iPhone, and the parents' devices will be password-protected and removed from the home when the parents are not home.[1]  Hence, the

---

[1] Specifically, the court is adopting conditions recommended by the Probation Officer in the Pretrial Services Report ("PSR").  One such condition is that all devices in the parents' residence capable of accessing the internet must be

defendant will not be able to access the internet or send text messages of a minor engaging in sexually explicit conduct to Laughton or anyone else. Likewise, upon her release, the defendant will not have the ability to take pictures or otherwise capture images on any device of a minor engaging in such conduct. Further, the locations the defendant is allowed to visit do not include Creative Minds, and she is required to avoid all contact with "staff or clients of" Creative Minds, per another condition in the PSR that the court is adopting.

Additional conditions in the PSR and imposed by the court, such as electronic monitoring and home detention except for employment, further mitigate the risk of danger otherwise posed by the defendant's release. In addition, the defendant has lived with her parents for most of her life in their Hudson, New Hampshire home. These strong family and community ties along with the defendant's minimal criminal record, *see* 18 U.S.C. § 3142(g)(3)(A), further bolster the court's conclusion.

Thus, while the court takes this matter very seriously and is fully cognizant of the risks to the safety of the community, including to the victims and their families, it finds that the conditions in the PSR, all of which the court adopts, will reasonably assure the safety of the community.

---

password-protected and the defendant shall not have access to the passwords. In addition, this condition requires that "[f]amily members' laptops, tablets, and smart phones must be removed from the residence when they are not home."

## III.   CONCLUSION

In accordance with the foregoing discussion, the defendant's motion for pretrial release (D. 16) is allowed.  The court will release the defendant subject to all the conditions in the pretrial report.  Prior to the release, the court will conduct a hearing in the near future to explain the conditions of release to the defendant.


                                        /s/ Donald L. Cabell
                                        DONALD L. CABELL, U.S.M.J.

DATED:  August 11, 2023