UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | |
| v. | ) ) ) | Criminal Action No. 23-10202-FDS-1 |
| LINDSAY GROVES, | ) ) ) | |
| Defendant. | ) ) | |

MEMORANDUM AND ORDER ON
GOVERNMENT'S MOTION FOR REVOCATION OF RELEASE ORDER

**SAYLOR, C.J.**

Defendant Lindsay Groves is charged with the sexual exploitation of children in violation of 18 U.S.C. § 2251(a) and the distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2). The conduct on which the indictment is based occurred while she was employed as a teacher at a daycare center in Tyngsborough, Massachusetts.

The magistrate judge granted a defense motion for pretrial release but stayed execution of the order pending an appeal to this court, pursuant to 18 U.S.C. § 3145(a). After careful consideration of the order of the magistrate judge, the memoranda submitted by the parties, and the evidentiary record, the government's motion for revocation of the pretrial release order as to defendant will be granted.

**I.   Background**

    **A.   Factual Background**

On June 20, 2023, the Nashua, New Hampshire Police Department received information that Stacie Marie Laughton had shown a peer support group photographs that appeared to be of

nude children. During police interviews, Laughton reported receiving the pictures from defendant, who was working as a teacher at a daycare center in Tyngsborough, Massachusetts. Acting on that information, the police obtained a search warrant for defendant's home and executed it on June 21, 2023. While the police conducted a search of her residence, officers interviewed defendant, at which time she admitted having taken multiple pictures of prepubescent children at her place of work between June 2022 and June 2023. Specifically, she told investigators that she would direct the children to pull their clothing up toward their heads where their faces would be obscured as she captured images of their genitalia with her telephone. Investigators later discovered several thousand text messages between defendant and her codefendant discussing explicit photographs she had taken at the daycare center. Based on the evidence collected and that interview, she was arrested.

### B. Procedural Background

Defendant was initially charged by complaint on June 22 and subsequently by indictment on July 27, 2023. She first appeared in this court on June 28, 2023. During her initial appearance, the government moved for detention, alleging that she posed a danger to the community that could not be mitigated by conditions of pretrial release, and further asserted that she posed a risk of flight. Following that appearance, she was returned to the custody of the state, and the magistrate judge set a hearing on pretrial detention for July 13, 2023.

Defendant moved for pretrial release, which the government opposed. On August 11, 2023, the magistrate judge, in a thoughtful opinion, granted the motion. The magistrate judge found that, although she posed a risk of danger to others or the community, a combination of conditions of release would sufficiently mitigate that danger to reasonably assure the safety of the community. The pretrial release order required, among other things, (1) that she reside in her family home, and that her parents act as third-party custodians, (2) that children under the age of

18 could not visit the residence; (3) that her parents' electronic devices be password-protected and removed from the property when the parents are not home; (4) that she be prohibited from having access to electronic devices and the Internet, and (5) that she be subject to electronic monitoring. It also provided that defendant could leave the home for purposes of employment.

In response to the magistrate judge's order, the government moved for a stay of execution of that order pending review by this court, which was granted. The government then moved for revocation of that release order.

## II.     Standard of Review

The District Court has jurisdiction to review an order of release upon motion of the government. 18 U.S.C. § 3145(a). Upon that motion, the court reviews legal conclusions and contested findings supporting release *de novo*. *United States v. Tortora*, 922 F.2d 880, 883 n.4 (1st Cir. 1990).

A judicial officer may order a defendant detained pending trial if the government can establish (1) by clear and convincing evidence that a defendant is a danger to the community or (2) by a preponderance of the evidence that a defendant poses a serious risk of flight. 18 U.S.C. § 3142(f); *see United States v. Patriarca*, 948 F.2d 789, 792-93 (1st Cir. 1991); *see also United States v. Dillon*, 938 F.2d 1412, 1416 (1st Cir. 1991). If the government meets that initial burden, a defendant may be detained only if the judicial officer determines that "no condition or combination of conditions . . . will reasonably assure the appearance of the person as required and the safety of any other person in the community." 18 U.S.C. § 3142(e). In making that determination, the court must consider the nature and circumstances of the offense charged, the weight of the evidence against the person, the history and characteristics of the defendant, and the nature and seriousness of the danger posed by their release. 18 U.S.C. § 3142(g).

In cases involving offenses against minor victims, there is a statutory presumption "that

no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(E).  To rebut that presumption, a defendant must produce "some evidence" that release conditions can reasonably assure the appearance of a person and safety of community.  *Dillon*, 938 F.2d at 1416.  Such evidence can include "lack of criminal history, community ties, steady employment, family support and Probation's supportive recommendation."  *United States v. Cross*, 389 F. Supp. 3d 140, 142 (D. Mass. 2019).  However, "[w]hen a defendant produces such evidence . . . the presumption does not disappear.  The burden of persuasion remains on the government and the rebutted presumption retains evidentiary weight."  *Dillon*, 938 F.2d at 1416.

**III.**     **Analysis**

    **A.**     **Applicable Presumption**

The government contends that defendant has failed to produce sufficient evidence to overcome the rebuttable presumption of detention in cases involving minor victims under 18 U.S.C. § 3142(e)(3)(E).  Defendant counters that she has no criminal history; that she has lived in New Hampshire with her parents for almost all of her adult life; that she has parental support; and that probation has recommended pretrial release.  Taken together, those assertions are sufficient to overcome the presumption of detention, shifting the burden of production to the government to show that detention is necessary, but the presumption will retain evidentiary weight in the Court's determination.  *See Cross*, 389 F. Supp. 3d at 142.

    **B.**     **Danger to the Community**

Following the factors set forth in 18 U.S.C. § 3142(g), the Court agrees with the magistrate judge's finding that the government has met its burden of showing that defendant is a danger to the community.

4

1. **Nature and Circumstances of Offense**

The first issue is the nature and circumstances of the charged offenses. In light of the involvement of multiple minor victims, defendant's abuse of her position of trust, and her alleged use of that position to physically exploit them, this factor weighs strongly in favor of detention.

2. **Weight of the Evidence**

Second, there is substantial, indeed strong, evidence that defendant orchestrated and participated in the sexual exploitation of children under her care as a teacher. That evidence includes her own admissions to police officers that she had taken photographs of her students' genitals, instructed them to remove their clothes, and sent those photographs to her codefendant. Those admissions, combined with the forensic evidence collected from her telephone, are more than sufficient to demonstrate that the weight of the evidence favors detention.

3. **Defendant's History and Characteristics**

Third, while defendant points to her lack of criminal history as favoring her pretrial release, the government points out that a lack of criminal history is a common trait of comparable cases charging the sexual exploitation of children, and therefore is not compelling evidence of a lack of dangerousness. In addition, defense counsel represented during oral argument that defendant has been diagnosed with some "cognitive deficiencies," which counsel suggested make her more vulnerable to persuasion or outside influence. If that assertion is true, it may mitigate defendant's conduct in significant ways or be an important factor in sentencing. But that same vulnerability weighs against release, given the risk that such a person would pose to the community should she be exposed to inappropriate influences. Taken together, the evidence demonstrates that defendant's history and characteristics weigh at least to some degree in favor of detention.

### 4. **Seriousness of Danger**

Fourth, the Court agrees with the magistrate judge that the evidence supports a finding that defendant poses a serious danger to children in the community if she were to be released. She has demonstrated both a capacity for influencing and manipulating young children and abusing a position of trust. Moreover, she was able to conceal her activities from both her parents—with whom she lived—and her employer for approximately a year before her actions became known to investigators. Even then, her conduct only became known to law enforcement due to the actions of her codefendant. And when confronted by investigators, she continued to deny her actions until presented with photographic evidence, at which point she sought to explain or justify those actions.

Overall, the Court finds that the government has met its burden by clear and convincing evidence to demonstrate that defendant would pose a danger to the community if released.[1]

### C. **Conditions of Release**

The magistrate judge found that notwithstanding the danger posed by defendant, there were conditions of release that would reasonably assure the safety of the community. Those conditions included home detention under the supervision of her parents (with an exception for employment and travel to and from work); a prohibition on access to electronic devices and the Internet; avoiding all contact with victims and witnesses; and a prohibition on any contact with minors. The magistrate judge also noted that electronic location monitoring could further mitigate the risk to the community posed by defendant's release.

The Court respectfully disagrees with that determination. Although defendant's parents

---

[1] The magistrate judge did not make a finding regarding defendant's risk of flight and the government does not raise the argument. Accordingly, the Court will not reach that issue here.

live in the home, their presence did nothing to prevent her conduct during the period at issue in this case, which she managed to conceal from them without apparent difficulty.  It is likely that one or both parents would be absent periodically for shopping, errands, medical appointments, religious services, and other undertakings of ordinary life.  Furthermore, the home is in a residential neighborhood setting, and it is highly likely that there are children residing within a relatively short distance.  Electronic monitoring would detect whether she had left the property but would not serve to prevent future contact with children; that would be true even if a pretrial services officer constantly monitored her location.

  The risk is considerably exacerbated by the exception to confinement that would permit her to be employed, including travel to and from any employment.  She would be completely unsupervised during any commuting period, and unsupervised at her place of work for stretches of time under almost any employment scenario.

  Furthermore, defendant's access to electronic devices or the Internet would be difficult, if not impossible, to prevent.  That is true whether the devices are located in her home, at work, or anywhere along the route to and from a place of employment.  Even if her parents' devices are password-protected, it is commonplace for other family members to be able to gain access through security lapses (for example, by writing passwords down next to a device, or using readily guessable passwords).  In addition, it would be difficult to prevent defendant from acquiring a phone or other Internet-capable device with prepaid or other service, particularly if she were free to drive to and from work.  Moreover, all, or nearly all, forms of employment today involve some kind of interaction with the Internet or an Internet-capable device; that condition would prove even more difficult to enforce should defendant seek employment under the proposed conditions.

In short, and under the circumstances, the Court is not convinced that there is a condition or combination of conditions of release that would reasonably assure the safety of other persons in the community, particularly minor children. While it certainly understands the reasoning behind the release decision of the magistrate judge, in the Court's view the statute and evidentiary record compel a different conclusion.

### IV. Conclusion

For the foregoing reasons, the government's motion for revocation of the pretrial release order as to defendant Lindsay Groves (ECF No. 43) is GRANTED. The Court hereby orders that defendant remain detained pending trial of this matter.

**So Ordered.**

Dated:  September 20, 2023

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court