

U.S. Department of Justice

*Leah B. Foley*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

October 14, 2025

Jessica Thrall, Esq.
Eliza Walker, Esq.
Eliza Jimenez, Esq.
Federal Public Defender Office
51 Sleeper Street, Fifth Floor
Boston, MA 02210

    Re:    United States v. Lindsay Groves
            Criminal No. 23-cr-10202-FDS

Dear Counsel:

The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Linsday Groves ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

1.     Change of Plea

No later than October 14, 2025, Defendant will plead guilty to counts One through Three of the Indictment, which charge sexual exploitation of children and aiding and abetting, in violation of 18 U.S.C. §§ 2251(a) and (e) and 2, and count Four, which charges distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1). Defendant admits that Defendant committed the crimes specified in these counts and is in fact guilty of each one.

Pursuant to Fed. R. Crim. P. 11(a)(2), Defendant's plea shall, with the U.S. Attorney's consent, be a conditional plea of guilty, reserving Defendant's right to appeal the District Court's August 12, 2025 Memorandum and Order on Defendant's Motion on Competency to Stand Trial [ECF 236]. Defendant will not have the right to argue that the Court failed to "appl[y] the correct legal standard to [the] competency question," *Mahoney*, 717 F.3d at 265, or that it committed other legal error in its competency determination. Defendant will have the right to withdraw Defendant's guilty plea should Defendant prevail on appeal.

1

2. <u>Penalties</u>

Defendant faces the following mandatory minimum and maximum penalties on counts One through Three: incarceration for 30 years, with a mandatory minimum term of 15 years. On count Four, Defendant faces the following mandatory minimum and maximum penalties: incarceration for 20 years, with a mandatory minimum term of 5 years. Defendant faces the following penalties on all counts: supervised release for five years to life; a fine of $250,000; a mandatory special assessment of $100; a special assessment of up to $50,000 on counts One through Three and $35,000 on count Four pursuant to 18 U.S.C. § 2259A (the "AVAA assessment"), unless the Court finds that Defendant is unable to pay; restitution; and forfeiture to the extent charged in the Indictment.

Defendant understands and acknowledges that as a consequence of Defendant's conviction for the crimes to which Defendant is pleading guilty, Defendant will be required to register as a sex offender, and to keep that registration current, in the place where Defendant resides, where Defendant is employed, and where Defendant is a student, pursuant to the Sex Offender Registration and Notification Act, and the laws of the state of her residence. Failure to do so may violate the terms of her supervised release and subject her to new criminal charges pursuant to 18 U.S.C. § 2250.

3. <u>Sentencing Guidelines</u>

The U.S. Attorney agrees, based on the following calculations, that Defendant's total "offense level" under the Guidelines for counts One through Three is 51, and that count Four groups because it involves the same victims and two or more acts or transactions connected by a common criminal objective as counts One through Three, and where count Four embodies conduct that is treated as a specific offense characteristic in the guideline applicable to counts One through Three (USSG §§ 3D1.2(a), (b), and (c)):

    a) Defendant's base offense level is 32 because Defendant is charged with sexual exploitation of children (USSG § 2G2.1(a));

    b) Defendant's offense level is increased by 4 because the offense involved a minor who had not attained the age of twelve years (USSG § 2G2.1(b)(1)(A));

    c) Defendant's offense level is increased by 2 because Defendant knowingly engaged in distribution (USSG § 2G2.1(b)(3));

    d) Defendant's offense level is increased by 4 because the offense involved an infant or toddler (USSG § 2G2.1(b)(4)(B));

    e) Defendant's offense level is increased by 4 because the minor was in the custody, care, or supervisory control of Defendant (USSG § 2G2.1(b)(5));

    f) Defendant's offense level is increased by 3 because each count is one unit, which results in 3 units (USSG § 3D1.4(a));

  g) Defendant's offense level is increased by 5 because Defendant engaged in a pattern of activity involving prohibited sexual conduct (USSG § 4B1.5(b)); and

  h) Defendant's offense level is decreased by 3 because Defendant has accepted responsibility for Defendant's crimes (USSG § 3E1.1).

  Defendant understands that the Court is not required to follow this calculation or even to sentence Defendant within the Guidelines and that Defendant may not withdraw Defendant's guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

  Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (herself or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crimes to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

  Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

  4. <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

  Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that her conviction or sentence should be overturned.

  Defendant understands that Defendant has these rights, but now agrees, in part, to give them up. Defendant's plea shall, with the U.S. Attorney's consent, be a <u>conditional</u> plea of guilty, reserving Defendant's right to appeal the District Court's Memorandum and Order on Defendant's Motion on Competency to Stand Trial. Specifically, pursuant to Fed. R. Crim. P. 11(a)(2), Defendant reserves the right to argue on appeal that, in its Memorandum and Order dated August 12, 2025 [ECF 236], the Court committed "clear error," *United States v. Mahoney*, 717 F.3d 257, 265 (1st Cir. 2013), in finding that Defendant is competent to stand trial. Defendant will not have the right to argue that the Court failed to "appl[y] the correct legal standard to [the] competency question," *Mahoney*, 717 F.3d at 265, or that it committed other legal error in its competency determination.

  The relevant motions, and memoranda submitted in support of them, are at docket entries 220 (sealed), 221 (sealed), 224 (sealed), and 225 (sealed). Pursuant to Fed. R. Crim. P. 11(a)(2), Defendant will have the right to withdraw her guilty plea if, and only if, Defendant prevails on appeal of those specific pretrial motions.

Otherwise, Defendant agrees that:

a) Defendant will not challenge her <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

b) Defendant will not challenge her <u>sentence,</u> including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence with the exception of appealing the District Court's Memorandum and Order on Defendant's Motion on Competency to Stand Trial referenced above, regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.</u>

Defendant is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyers rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in intentional misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

5. <u>Forfeiture</u>

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The assets to be forfeited specifically include, without limitation, the following:

a. One Apple iPhone with serial number QJMXR6G45V seized from GROVES on June 21, 2023; and
b. One Apple iPad with serial number DMPXM4ZVJF89 seized from GROVES on June 21, 2023.

Defendant admits that these assets are subject to forfeiture on the grounds that they (i) contain any visual depiction described in sections 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110 of Title 18, which was produced, transported, mailed, shipped, or received in violation of Chapter 110 of Title 18; (ii) are property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; or (iii) are property, real or personal, used

or intended to be used to commit or to promote the commission of such offenses or property traceable to such property. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

Defendant agrees to assist fully in the forfeiture of the foregoing assets. Defendant agrees to promptly take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant further agrees (a) not to assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding, and (b) to testify truthfully in any such proceeding.

If the U.S. Attorney requests, Defendant shall deliver to the U.S. Attorney within 30 days after signing this Plea Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest and all assets over which Defendant has exercised control, or has had any legal or beneficial interest. Defendant further agrees to be deposed with respect to Defendant's assets at the request of the U.S. Attorney. Defendant agrees that the United States Department of Probation may share any financial information about the Defendant with the United States Attorney's Office.

Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

6. <u>Civil Liability</u>

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to her criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

7. <u>Breach of Plea Agreement</u>

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release, or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to

withdraw her guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from her commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of her case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

### 8. Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

### 9. Modifications to Plea Agreement

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\* \* \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to the undersigned Assistant United States Attorneys.

Sincerely,

LEAH B. FOLEY
United States Attorney

By: _____
WILLIAM F. ABELY
Chief, Criminal Division

_____
JESSICA L. SOTO
ANNE PARUTI
Assistant U.S. Attorneys

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received a simultaneous offer on this date, which does not allow me to appeal the Court's determination that I am competent, but which caps the government's sentencing recommendation at 45 years in prison.

I understand the crimes I am pleading guilty to, and the mandatory minimum and maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement, and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

_____
Lindsay Groves
Defendant

Date: 10/14/25

I certify that Lindsay Groves has read this Agreement and that we have discussed what it means. I believe Lindsay Groves understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has simultaneously extended an offer on this date, which does not allow Defendant to appeal the Court's determination that Defendant is competent, but which caps the government's sentencing recommendation at 45 years in prison .

_____
Jessica Thrall
Attorney for Defendant

Date: 10/14/2025

7